## John W. Pomeroy vs. Peter Golly.

### Verdict for Plaintiff for $2,000.    Case.

1st. In an action for a malicious prosecution, whether there be want of probable cause, is a mixed question of Law and fact, and if there be evidence submitted to a Jury, tending to establish both the presence and absence of probable cause, the Jury must find malice, accordingly as they determine this question.

2nd. An original affidavit and warrant is admissible in evidence, on proof of the Magistrate's hand writing, though he is present in Court, and is not sworn.

3rd. In an action sounding in tort, the Court will not grant a new trial on the ground of excessive damages, unless they be so outrageous, as to imply that the Jury acted more from prejudice than sound judgment.

This is an action for a false and malicious prosecution, on the part of the defendant, by charging the plaintiff with forging two Checks on the Mechanics' Bank. The defendant took the plaintiff with a warrant; and he was carried before a Justice of the Peace, and, after examination, was committed to Jail, where he remained four days, and then gave bail. The defendant, *Golly*, did not farther appear to prosecute the case, and the plaintiff was discharged by the Superior Court, for the want of prosecution. The plaintiff also proved, that when the defendant was urged to prosecute the plaintiff, the defendant stated, that he did not believe that the plaintiff would do such an act; but was subsequently induced to take out a warrant for, and have the plaintiff committed to Jail. And whilst plaintiff was in Jail, defendant said, he did believe the plaintiff was guilty, and that plaintiff ought not to blame him, as he was urged by the Mechanics' Bank to prosecute him, and that defendant could get out of Jail, if he wished, and that Mr. Sibley would be his bail. It also appeared in evidence, that whilst the defendant and the officers of the Mechanics' Bank were consulting about who it was that committed the forgery, that a witness who knew the plaintiff's hand writing thought it resembled *it*, except one letter, which he did not think looked like plaintiff's hand writing. The plaintiff proved the warrant and mittimus, by proving the Justice's hand writing, and that the Justice was an acting Magistrate.

[Pomeroy vs. Golly.]

The defendant introduced no testimony, and took the conclusion before the Jury.   The Jury found for the plaintiff, as above stated : being the same amount found by the Petit Jury, in the Inferior Court.

A motion for a new trial is now made upon the following grounds :

1st.  That the verdict is contrary to Law.

2nd.  That the verdict is contrary to evidence.

3rd.  That the verdict is contrary to Law and evidence, in this : That the plaintiff failed to prove a want of probable cause for the prosecution against him.

4th.  That the verdict is contrary to Law and evidence, in this : That the plaintiff failed to prove malice on the part of the defendant.

5th.  That the verdict is contrary to Law and evidence, in this : That the defendant proved probable cause for the prosecution of plaintiff, on the trial of the above issue.

6th.  That the damages are excessive.

7th.  That the plaintiff failed in his proofs, in this : That he did not adduce the testimony of the committing Magistrate, (although he was present in Court,) and prove the circumstances under which plaintiff was committed.

FLOURNOY & SON and H. H. CUMMING, *for Plaintiff*.   Cases cited by plaintiff—*Starkie's* Ev., vol. 2nd., 907 and 915.   *Roscoe's* Evid. 302.   2 *Phillips'* Ev. 114.   *Selw.* Pract. 487.   1 *Wils.* R. 22.   3rd. *Wils.* 47.   2 *Wm. Black.* 1327.   2nd. *Wils.* 244, 205, 161.   7 *Bac.* Ab. 776, 781.   *Woodson's* Lect. 187.   *Impey's* Prac. 416.   1 *Burr.* R. 397.   3 *Bla.* Com. 392.   1 *Burr.* R. 609. 1 *Nott & McCord* 278.

A. J. & T. W. MILLER and CHARLES J. JENKINS, *for Defendant*. Cases cited by defendant's counsel—*Espinasse* on Ev. 234.   1

[Pomeroy vs. Golly.]

*Cheev.* R. 32.   1 *Cook's* R. 315.   2 *Hayw.* R. 29.   1 *Gilm.* R. 36.   1 *Nott & McCord* 278.   15 Mass. R. 243.   1 *Wendell* 140. 1 *Campb.* N. P. R. 99.   1 *Ld. Raym.* 381.   1 *Wils.* R. 232. *Espin.* on Evi. 229.   2 *Espin.* D. G. 529.

The grounds before stated, resolve themselves into the following : 1st. That there was no want of probable cause shewn by plaintiff. 2nd. That the Court erred, in permiting the plaintiff to introduce the warrant and mittimus, upon proof of the Justice's signature, and that he was an acting Magistrate.   3rd. That the damages are excessive.

Upon the first ground, whether there was a want of probable cause shewn by the plaintiff, the Court holds the Law to be this : that to ascertain whether there be probable cause, is a mixed question of Law and fact.   And it is the duty of the Court to charge the Jury, if evidence is clear, as to the existence of certain facts, whether they amount to a probable cause for the prosecution, as this is a matter of *Law.*

But if there be evidence, which renders the facts doubtful as to the probable cause, then the Court must charge the Jury : in the alternative, either that there is, or is not, probable cause, as they may find the facts.

In this case, there being evidence of defendant's sayings, both before and after taking out the warrant to arrest the plaintiff, the Court charged the Jury—That if they believed, from the evidence, that the defendant was acting under an honest conviction, that the plaintiff was the one who committed the forgery : then there was probable cause for the prosecution, and they must find for the defendant.   But if, from the evidence before them, they believed that the defendant was not acting under such conviction of plaintiff's guilt, and was induced, by the persuasion of others, and also to enable him to make a settlement with the bank on better terms ; then there was a want of probable cause ; and, from a want of probable cause, they, by Law, had a right to infer malice, and in that event, to find for the plaintiff such damages as they, from the evidence, believed him entitled to.

[Pomeroy vs. Golly.]

The Jury having exercised their legal right, and having found against the state of facts which constituted a *probable cause,* and they having found in favour of that state of facts which shew a want of probable cause, and thereby inferring malice, and assessed such damages as they believed just—Would not this Court be assuming the right of the Jury, were it to set their verdict aside, because they did not find the facts the other way? It most certainly would assume such power, and which this Court has not the legal power to do. It cannot, therefore, disturb the verdict on this ground.

The next ground is—That the Court erred, by permitting the original affidavit and mittimus to go to the Jury, upon proof of the Justice's signature, and that he was an acting Magistrate.

It is contended, that the Justice ought to be produced to prove his own hand writing. By referring to the cases, we find that the Justice has been introduced to prove his warrant and mittimus, but it does not appear that any point was made whether other evidence, such as his hand writing, may not be proved—and, in 2nd. *Espin.* N. P. 128, I find Mr. Justice BULLER allowed an office copy of an affidavit to hold to bail, to be good evidence, without producing the original, in this kind of action.

But in this case, the original affidavit and warrant and mittimus were before the Court, and proof of the hand writing was, in the opinion of this Court, competent evidence of the fact. The Court will therefore refuse a new trial, on this ground.

The other ground taken, is, that the damages are excessive. In an action of this nature sounding in tort, the Court would not interfere, unless in some case where the Jury had rendered such a verdict as would satisfy the Court, that they acted more from prejudice than sound judgment. Two Juries having concurred in finding this amount, this Court will not, for that cause, set their verdict aside.

A new trial, upon all the grounds, is therefore refused.

JOHN SCHLY, JUDGE
*Superior Courts, Middle District, Georgia.*